UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50148 |
| Plaintiff - Appellee, | D.C. No. 3:11-cr-02076-JAH-1 Southern District of California, San Diego |
| v. | |
| MARIO SILVA ZAPATA, | |
| Defendant - Appellant. | ORDER |

Before: WARDLAW, BEA, and N.R. SMITH, Circuit Judges.

The memorandum disposition filed on February 6, 2013, is hereby amended.

An amended memorandum disposition is filed concurrently with this order.

With these amendments, the panel has unanimously voted to deny

Appellant's petition for panel rehearing. Accordingly, Appellant's petition for

panel rehearing is **DENIED.** No further petitions for en banc or panel rehearing

shall be permitted.

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 23 2013



MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|   |   |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff - Appellee,<br><br>  v.<br><br>MARIO SILVA ZAPATA,<br><br>    Defendant - Appellant. | No. 12-50148<br><br>D.C. No. 3:11-cr-02076-JAH-1<br><br>AMENDED<br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

Argued and Submitted December 4, 2012
Pasadena, California

Before: WARDLAW, BEA, and N.R. SMITH, Circuit Judges.

Mario Silva Zapata entered a conditional guilty plea agreement to the crime of importing approximately 66.06 kilograms of marijuana into the United States, in violation of 21 U.S.C. §§ 952 and 960. As part of the plea, he reserved his right to appeal the district court's denial of his motion to suppress inculpatory statements.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

He now appeals that denial. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the adequacy of a *Miranda* warning *de novo*. *See United States v. San Juan-Cruz*, 314 F.3d 384, 387 (9th Cir. 2002). We also review *de novo* whether a defendant's statement was voluntary. *See United States v. Harrison*, 34 F.3d 886, 890 (9th Cir. 1994).

The district court did not err by denying the motion to suppress Zapata's confession. *Miranda* requires that, prior to interrogation, an individual in custody be given "meaningful advice . . . in language [he] can comprehend and on which [he] can knowingly act." *San Juan-Cruz*, 314 F.3d at 387 (internal quotations and citations omitted). Here, the statement Zapata alleges confused him, and thus created an ambiguous warning, occurred *after* he had waived his *Miranda* rights. Because Zapata had waived his rights before the allegedly confusing statement was made, the statement could not have generated confusion at the time Zapata made his waiver decision. There was no flaw in the warnings Zapata received; they were clear and permitted Zapata to act knowingly with respect to his rights. Thus, Zapata received adequate *Miranda* warnings. *See id.* Taken in context, the interrogators' post-waiver statements were not so confusing as to undermine Zapata's knowing waiver of his rights.

To use a defendant's statement against him at trial, the Government "must prove by a preponderance of the evidence that the statement was voluntary."

*Harrison*, 34 F.3d at 890. This court "consider[s] the totality of the circumstances and determine[s] whether the government obtained the statement by physical or psychological coercion or by improper inducement so that the suspect's will was overborne." *Id.* (internal quotations and citations omitted). Here, after Zapata validly waived his *Miranda* rights and gave vague or dishonest answers to several questions, an agent advised him that she could not help him at sentencing if he gave her no material with which to inform the sentencing process. Another agent advised him that if he thought his silence was helping him, he was wrong; it was putting him in a worse position to that he could obtain. The agents emphasized that Zapata could "help him[self]" by "tak[ing] responsibility" for his crime. Having assessed the totality of the circumstances, we conclude that the agents' statements were not coercive and that Zapata's will was not overborne. Thus, Zapata's subsequent confession was voluntary and admissible.

**AFFIRMED.**